Duncan, J.
This is a' proceeding in error from a justice of the peace. The case below was one in attachment of wages under the provisions of Revised Statutes, Section 6501, known as the ten per cent. law. On February 22, 1906, the plaintiff, King, brought suit against the defendant on a bill for necessaries furnished, and sued out an attachment and garnished his wages due from the board of education of Union township. The defendant moved the court to dissolve said attachment upon the ground that ten per cent, of his wages was then and at that time being retained by said board in payment of an order for necessaries given to another.
Upon the hearing of this motion, it appeared that the defendant was a married man, etc., and that theretofore, on January 3, 1906, he had given an order on said board for necessaries to one L. B. May for the sum of $53.40, payable in four equal monthly installments of $13.35 each, two of which had already been paid. Upon this showing, the justice granted said motion and dissolved said attachment. Was this right?
Section 6489, Revised Statutes, sets forth the several grounds of attachment in actions before justices of. the peace. By this section it is provided,, that, for any claim fo.r which judgment is sought for work or labor or for necessaries, an attachment may issue without specifying any other ground (K. B. Co. v. Batie, 2 C. C.—N. S., 358). The question then is simply one of exemption. In this behalf it is provided by Revised Statutes, *415 Sections 5430, 5441, that the personal earnings of the debtor, head of a family, for three months prior to the attachment are exempt, if necessary for the support of himself and family, except where the claim sued on is also for necessaries; in which case ninety per cent, only is exempt. It may be conceded to be the law, that the general exemptions provided by said last two sections are exemptions which apply in favor of the debtor as against any and all creditors against whom the debtor may wish to claim them. And as the ten per cent, of the debtor’s personal earnings made liable to attachment under the provisions of said Revised Statutes, Section 6501, on a claim for necessaries is merely an exception to the amount of the general exemption in favor of a claim of this character, it must follow that the ninety per cent, remaining is also exempt as to any and all creditors against whom this claim is made.
The question then is: Does said order given by the defendant-to May, defeat this attachment?
In construing statutes, it is.well to remember that they are enacted to some purpose, and that it is thé duty of the courts to give that purpose force and effect whenever and wherever a case may arise, comprehended within its terms, to the end that the intention of the Legislature may be carried out. The purpose of said Revised Statutes, Sections 6489, 6501, was to provide a remedy in favor of a creditor furnishing necessaries to an insolvent debtor unwilling to pay — a remedy by which the debtor may be required to pay that which he would otherwise neglect to pay. This being the purpose of the Legislature, it is the duty of the courts to regard strictly every voluntary act of the debtor, whereby that purpose may be evaded or defeated. The act itself provides the conditions by which it declares its purpose may be satisfied. They are:
First. That ten per cént. of the debtor’s personal earnings, ‘ plus four dollars, shall have been attached; and,
Second. That the creditor shall have served a written demand upon the debtor for the said ten per cent, and, as a result, he tender the money or a duly accepted order therefor.
A partial satisfaction is also provided fpr by this section to the effect that where the debtor has voluntarily paid his creditor any part of his claim within thirty days of such de *416 inand, the same shall be considered and held as. a part of said ten per cent, so liable to be attached.
J. W. Grimm and R. J. Welherald, for plaintiff in error.
Franks & Franks, for defendant in error.
It will easily be observed that defendant’s said order to May does not come'within any of the above provisions, and the conditions under which it is provided said purpose may be satisfied having been named in the statute, it follows that all other conditions have thereby been excluded, under the old maxim: “Expressio unius esi exclusio alierius.” .
Again, it may be said that the statute itself, Revised Statutes, Section 6501, provides that no demand or attachment shall be made by the same creditor at closer periods than thirty days, and then only for the ten per cent, of wages earned during the interval of thirty days. This, we have seen, excludes all other creditors for the same period, and the creditor not being in a position to demand more, either by way of per centum or period during which the wages are earned, it must follow that an order made in his favor for ten per cent, or more of the debtor’s wages for a period greater than thirty days exceeds the limitations fixed by the statute, and can be of no greater force or operation than one which falls within its provisions. This being so, it must also follow that the debtor can not give his creditor for necessaries an order on his employer for ten per cent, of his current wages for two or more months, and thereby defeat the lien of an attaching creditor for necessaries upon ten per cent, of the debtor’s wages earned beyond the thirty days interval. To hold otherwise would be to place the operation of the statute within the power of the debtor, when it belongs to the creditor ; to point out a way by which the legislative intent may be defeated and to open the door to fraud, and thereby defeat the ends of justice.
I, therefore, hold that the justice erred in dissolving said attachment; and it is ordered that the said justice cause to be paid into his court and applied on plaintiff’s said judgment the ten per cent, of said wages so attached, plus four dollars to be applied • on the costs of said attachment, as provided by said statute.
It is further ordered that the defendant pay the costs of this proceeding, for which execution is awarded.